IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-351 |
| NORMANDY PROPERTIES, LLC., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

SYNOPSIS

In this action for employment discrimination, before the Court is Defendant's Motion to compel Arbitration and Dismiss, or in the Alternative, to Stay the Litigation. Defendant's Motion is based on an arbitration clause contained in an employment application submitted to Defendant's predecessor. As per my previous Order, I will treat the Motion pursuant to Fed. R. Civ. P. 56.

I. APPLICABLE STANDARDS

Under Rule 56, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. V. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving

party bears the burden of demonstrating the absence of any genuine issues of material fact. <u>United States v. Onmicare, Inc.</u>, 382 F. 3d 432 (3d Cir. 2004).

## II. <u>FACTS</u>

The following facts are undisputed. On February 22, 2002, Plaintiff signed an employment application with Arnheim & Neely, which managed several apartment complexes. That application contained an arbitration provision. The parties do not dispute that Arnheim & Neely acted as Defendant's agent, and that Defendant, formed in 2001, intended to take over management operations of the apartment complexes. On June 18, 2002, Plaintiff submitted a second employment application. That application also contained an arbitration provision.

Defendant commenced operations on July 1, 2002. At that time, Plaintiff "formally" became an employee of Defendant. She then completed a third employment application, which did not contain an arbitration provision. About a month into her employment with Defendant, Plaintiff received an employee handbook. The handbook contained the following provision: "The Employee Information Handbook supercedes all previous Company policies, programs and benefits, both written and unwritten." The Handbook does not contain an arbitration provision.

## III. <u>DISCUSSION</u>

Initially, the dispute in this matter surrounded the question of whether the third employment application, <u>sans</u> arbitration provision, superceded the first two, which contained such a provision. Plaintiff then supplied the Court with an

affidavit attaching her employment handbook, which was the latest pertinent document provided her; contains no arbitration clause; and expressly states that it supercedes all previous company policies.  Defendant was given an opportunity to file materials in response, but it did not do so.

The Third Circuit Court of Appeals has delineated the scope of the district court's narrow inquiry, under the present circumstances:

> Under the FAA the district court must be satisfied that the parties entered into a valid arbitration agreement. In conducting this inquiry the district court decides only whether there was an agreement to arbitrate, and if so, whether the agreement is valid. 9 U.S.C. 2. In so deciding, the district court is not to consider the merits of the claims giving rise to the controversy, but is only to determine, as we have stated, whether there is a valid agreement to arbitrate.

Great Western Mortg. Corp. v. Peacock, 110 F.3d 222, 228 (3d Cir. 1997).

Therefore, my initial inquiry is limited to whether a valid agreement existed. In that regard, the parties appear to agree that Pennsylvania law applies.  An employee handbook may, under appropriate circumstances, be considered a binding contract.  Plebani v. Bucks County Rescue Emergency Med. Servs., No. 03-5816, 2004 U.S. Dist. LEXIS 20332, at *14 (E. D. Pa. Sept. 30, 2004).  Plaintiff clearly offers the handbook as binding; Defendant has not contended to the contrary.

"In order to successfully substitute one contract for another, one must show 'the displacement and extinction of a valid contract, the substitution for it of a valid new contract,…and the consent of the parties….'" McCarl's, Inc. v. Beaver Falls Mun. Auth., 847 A.2d 180, 184 (Pa. Commw. Ct. 2004).  Here, the plain language of the

handbook expressly supercedes all prior company policies, whether written or unwritten.[1] Defendant makes no argument that the handbook leaves intact the legal import of Plaintiff's early employment applications.

CONCLUSION

Therefore, Defendant has not demonstrated that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, regarding the requirement to arbitrate. Instead, on the present record, the employee handbook presented by Plaintiff creates an issue that precludes such a finding.

An appropriate Order follows.

ORDER of COURT

AND NOW, this **19th** day of October, 2007, it is ORDERED that Defendant's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Litigation (Docket No. [27]) is DENIED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

[1] Prior to Plaintiff's proffer of the employee handbook, Defendant relied on the "single transaction" theory to discount the importance of the third employment application. Under that theory, "[w]here several instruments are made as part of one transaction they will be read together, and each will be construed with reference to the other; and this is so although the instruments may have been executed at different times and do not in terms refer to each other." Huegel v. Mifflin Constr. Co., 2002 PA Super 94.