# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE SMITH, | ) |
| Plaintiff, | ) No. 07-351 |
| vs. | ) |
| NORMANDY PROPERTIES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

I. <u>Plaintiff's motion *in limine* to preclude evidence of her post-discharge/second employment performance issues (docket entry no. 79)</u>

Defendant terminated Plaintiff in November of 2005. In June of 2007, Defendant rehired Plaintiff reinstating her to her old position. Plaintiff now moves to preclude evidence of her alleged poor job performance since 2007, suggesting the evidence lacks relevance to her 2005 dismissal. Defendant claims that Ms. Snyder, Plaintiff's supervisor, questioned Plaintiff's work ethic in 2005, and evidence of Plaintiff's performance during 2007 confirms the reasonableness of Ms. Snyder's 2005 concerns and could be used to mitigate or rebut plaintiff's request for compensatory damages.

I find Defendant's F.R.E. 404 and 406 arguments to be without merit. Moreover, the Third Circuit in *Mardell v. Harleysville Life Ins. Co.*, 31 F.3d 1221 (3d Cir. 1994), specifically refused to admit "after-acquired evidence" stating that evidence of this sort "in an employment discrimination case denotes evidence of the employee's ... misconduct ... which the employer did not know about at the time it acted adversely to the employee..., but which it discovered at some point prior to, or, more typically, during, subsequent legal proceedings; the employer then tries to capitalize on that

1

evidence to diminish or preclude entirely its liability for otherwise unlawful employment discrimination." 31 F.3d at 1222.

Therefore, I will grant Plaintiff's motion *in limine* to preclude evidence of her post-discharge/second employment performance issues.

II. Plaintiff's motion *in limine* to preclude evidence of lost wages or mitigation (docket entry no. 80)

The parties agree that *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311 (3d Cir. 2006) controls this matter. Under *Spencer*, back pay is a "form of equitable relief awarded at the discretion of the court." 469 F.3d at 315. Plaintiff wants to preclude evidence of her back pay loss or the mitigation of her pay loss (as may be proved using her W-2s, her pay stubs, her pay records, etc.) since, under *Spencer,* these are not issues for the jury to decide. Defendant counters by suggesting that the same evidence Plaintiff seeks to preclude under *Spencer* could be offered for purposes "other than" illustrating Plaintiff's back pay. I will grant Plaintiff's motion *in limine* thereby precluding evidence of her back pay loss and her mitigation of same. However, to the extent that one or more of the documents referenced in Plaintiff's motion can be used for some other purpose, I will entertain argument before the document is offered for the alternate purpose.

III. Plaintiff's motion *in limine* to preclude evidence of her husband's business income and her collateral earnings (docket entry no. 81)

Plaintiff's husband, Thomas Smith, works full-time for a local corporation, but he also has a side business, TAS Sportswear and Custom Imprinting ("TAS"), which he owns and operates with his brother. During the interim period when Plaintiff was not employed by Defendant, she performed

bookkeeping-type work for TAS. Plaintiff received no remuneration for her work; rather, her husband received an additional allocation of fifty dollars in his draw for each day Plaintiff worked.

Plaintiff argues that the $50 per day earnings fall under the collateral benefit rule and/or constitute "moonlight work." Plaintiff suggests that in either case, the $50 per day amount cannot be deducted from her back pay award.

The collateral benefit rule applies to "payment[s] which a plaintiff receives for his or her loss from another source" and as such, these payments are <u>not</u> generally deducted from a plaintiff's recovery. *Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. 1983) (under the collateral benefit rule, payment which a plaintiff receives for his or her loss from another source is not credited against the defendant's liability for all damages resulting from its wrongful or negligent act). Under the facts in this case, Plaintiff did not receive payment from TAS for her "loss" (such as payments received as unemployment benefits for the loss of her job). Thus, the collateral benefit rule does not apply.

Plaintiff next suggests that her TAS bookkeeping work was work that she could have performed simultaneously while employed by Defendant and as such, it constitutes "moonlight work." Plaintiff correctly applies the *Rodriguez v. Taylor*, 569 F.2d 1231, 1243 (3d Cir. 1977) analysis, and I concur that Plaintiff "could have" performed the TAS bookkeeping work while employed at Normandy.

Even if Plaintiff never "actually received" payment for the moonlight bookkeeping work she performed for TAS as required by *Rodriguez*, (because her husband received the $50 payment for every day that Plaintiff worked), Defendant still cannot offer evidence of these payments to reduce Plaintiff's damages, since the payments were paid to her husband and not her.

Therefore, I will grant Plaintiff's motion *in limine* to preclude evidence of her husband's business income.

IV. Plaintiff's motion *in limine* to exclude undisclosed witnesses (docket entry no. 82)

Plaintiff requests an order precluding two defense witnesses, John Barch and Gabriel Rudek from testifying at trial because they were not properly disclosed in accordance with F.R.Civ.P. 26. Defendant's response explains that these two witnesses will only testify if certain documents need to be authenticated. Since I find Defendant's failure to disclose these two witnesses harmless under F.R.Civ.P. 37(c), I will deny Plaintiff's motion *in limine* to exclude these two potential witnesses but will limit the testimony of the two witnesses to document authentication.

V. Defendant's motion *in limine* to preclude evidence of Ms. Snyder's statements (docket entry no. 83).

Plaintiff plans to present evidence that her superior, Ms. Snyder, made statements about herself concerning her return to work days after she gave birth. Ms. Snyder also labelled herself a "worker bee." Plaintiff's evidence will show that Ms. Snyder terminated Plaintiff in 2005, six weeks prior to making these comments about herself. Defendant argues that her statements need to be excluded as: (1) not relevant since they constitute nothing more than "stray remarks" made remote in time to Plaintiff's termination, (2) inadmissible character evidence under F.R.E. 404, and (3) unduly prejudicial under F.R.E. 403.

The Third Circuit has consistently held that a plaintiff may offer proof of intentional discrimination "in the form of a supervisor's statements relating to formal or informal managerial attitudes held by corporate executives." *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 132 (3d Cir. 1997). The *Ryder* Court outlined three factors to consider when determining whether a

4

supervisor's statements relate to a formal or informal managerial attitude: (1) the declarant's position in the corporate hierarchy, (2) the purpose and content of the statement, (3) the temporal connection between the statement and the challenged employment action. *Ryder*, 128 F.3d at 133.

Defendant labels Ms. Snyder its "chief officer" and admits she was Plaintiff's immediate supervisor. Ms. Snyder decided to terminate Plaintiff, did so, then made comments about the timeliness of her own return to work following her pregnancy, as well as a "worker bee" comment. Under *Ryder*, I find that Ms. Snyder's statements are relevant insofar as they relate to Ms. Snyder's managerial attitude. I also find that these remarks are not unduly prejudicial under FRE 403, and thus admissible, so that the jury can determine whether to afford them any weight. I do not find the remarks constitute "stray remarks" because Ms. Snyder was Plaintiff's supervisor who had hiring and firing power over Plaintiff. Finally, as Plaintiff explains, she does not seek to use Ms. Snyder's remarks as evidence of her character (which would be inadmissible under F.R.E. 404), but instead will offer them to show Ms. Snyder's attitude toward pregnant women who do not return quickly from maternity leave.

Accordingly, I will deny the Defendant's motion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE SMITH, | ) |
| Plaintiff, | ) No. 07-351 |
| vs. | ) |
| NORMANDY PROPERTIES, LLC, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 26th day of September, 2008, upon consideration of Plaintiff's and Defendant's motions *in limine* (Docket Nos. 79-83), it is hereby ordered:

(1) Plaintiff's motion *in limine* to preclude evidence of her post-discharge/second employment performance issues (docket no. 79) is granted.

(2) Plaintiff's motion *in limine* to preclude evidence of lost wages or mitigation (docket no. 80) is granted.

(3) Plaintiff's motion *in limine* to preclude evidence of her husband's business income (docket no. 81) is granted.

(4) Plaintiff's motion *in limine* to exclude two undisclosed witnesses (docket no. 82) is denied.

(5) Defendant's motion *in limine* regarding statements allegedly made by Patricia Snyder in January 2006 (docket no. 83) is denied.

BY THE COURT:

s/ Donetta W. Ambrose  
Donetta W. Ambrose,  
Chief U.S. District Judge